[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
The defendant admitted the allegations of the complaint, dated December 4, 1987, that on July 20, 1985 the plaintiff was a tenant in a hotel room of the defendant in Chicago, Illinois. The complaint further alleges that while the plaintiff was lying on the bed, a picture fell from the wall and struck the plaintiff on the head causing him to sustain personal injuries. The plaintiff presented evidence in support of his claims and a jury returned a verdict in favor of the plaintiff in the amount of $9,600.
The complaint did not allege a cause of action in negligence, but rather asserted only a cause of action in nuisance and a cause of action for a breach of an "implied warranty of habitability." The responses to the interrogatories submitted to the jury establish that the jury found that the plaintiff was not entitled to recover damages for injuries sustained as a proximate cause of CT Page 6794 a nuisance maintained by the defendant and that, the plaintiff was entitled to recover damages for "a breach of an implied warranty of habitability by the defendant." At the close of the plaintiff's case, the defendant moved for a directed verdict and the court reserved decision on the Motion pursuant to Practice Book 321. The defendant has also filed a Motion to Set Aside the Verdict tendered in favor of the plaintiff.
The sole issue presented is whether the plaintiff can recover under a theory of a breach of an implied warranty of habitability for the personal injuries sustained under the circumstances of this case. No notice had been given to the defendant in the pleadings or otherwise as contemplated by Practice Book 109A(b) and, accordingly, the case is decided under Connecticut law. Initially, it is noted that General Statutes 47a-2(4) exempts transient occupancy in a hotel from the provisions of Title 47a of the Connecticut General Statutes. The provisions of that Title are, therefore, not specifically applicable to this case.
A warranty of habitability generally relates to issues of whether rented premises are untenantable so that the obligation to pay rent is suspended. See, Johnson v. Fuller, 190 Conn. 552
(1983); Thomas v. Roper, 162 343 (1972); Javins v. First National Realty Corporation, Ford, 428 F.2d 1071, 1082 (1970). Restatement of property 2d 5.5 and 5.4. "In general, there is no implied warranty of habitability given to a tenant, but rather, he takes the premise as he finds them and bears the risk of any defective condition which are within the area of his exclusive possession and control." Johnson v. Fuller, supra at 558, Thomas v. Roper, supra at 349, 350. The parties have not directed the court's attention to any Connecticut case upon which liability for personal injuries was recognized on the basis of a breach of warranty of habitability.
It is true, that the Johnson and Thomas cases, cited above, do note that the rule regarding the absence of an implied warranty of habitability does not apply "to defects which are the result of faulty design or disrepair and which existed at the beginning of the tenancy, were not discoverable by the tenant on reasonable inspection, and were known, either actually or constructively, to the landlord." However, the claims asserted by the plaintiff do not have their basis in negligence, and there are no allegations of fact in the complaint to support such claims in the present case.
The court can find no reasonable basis to conclude that a warranty of habitability exists in the state of Connecticut so as to permit the plaintiff to recover damages for personal injuries under the circumstances set forth in this case. Accordingly, the verdict in favor of the plaintiff is hereby set aside and the court directs that a judgment be entered in favor of the defendant as if CT Page 6795 the requested verdict had been directed.
RUSH, J.